IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS E. O'NEILL | : | |
| Petitioner | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. 06-CV-2043 |
| JAMES GRACE, ET AL. | : | |
| Defendants | : | |
| FRANCIS E. O'NEILL | : | |
| Petitioner | : | CIVIL ACTION |
| vs. | : | |
| | : | NO. 99-CV-3762 |
| FREDERICK FRANK, ET AL. | : | |
| Defendants | : | |

## MEMORANDUM OPINION & ORDER

GOLDEN, J.                                                                                   JULY 26, 2007

Before the Court is Francis O'Neill's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(2), 60(b)(3), and 60(b)(6), respondents' opposition, United States Magistrate Judge Arnold C. Rapoport's Report and Recommendation recommending denial of O'Neill's motion, and O'Neill's objections thereto. The Court will adopt the Report and Recommendation for the reasons that follow.

### BACKGROUND

In May 1980, a jury convicted O'Neill of murder and aggravated assault. Since his conviction, O'Neill has filed six state post-conviction actions and this, his fourth, federal post-conviction petition. In May 2000, this Court denied O'Neill's petition for a writ of habeas

corpus as an untimely and unauthorized successive petition under 28 U.S.C. § 2244(b)(3). See No. 99-CV-3762 (E.D. Pa. May 22, 2000), O'Neill v. Frank. O'Neill appealed, and in February 2001, the Third Circuit Court of Appeals declined to issue a certificate of appealability, stating that O'Neill's claims "were either procedurally defaulted or lacking in merit." See No. 00-CV-1739 (3d Cir. Feb. 9, 2001), O'Neill v. Frank.

In May 2006, O'Neill filed the Rule 60(b) motion now before the Court and the Clerk assigned it to Docket No. 06-CV-2043 before United States District Judge Clifford Scott Green. Judge Green ordered that No. 06-CV-2043 be consolidated with Docket No. 99-CV-3762, and the matter was subsequently reassigned to this Court.

## ANALYSIS

### 1.   Whether to Treat Motion as Successive Petition

A Rule 60(b) motion is a means of seeking equitable relief from a judgment resulting from some fundamental unfairness. See, e.g., Bankers Mortgage Co. v. United States, 423 F.2d 73, 78 (5th Cir. 1970) (explaining the common law roots of the rule). A Rule 60(b) motion shall be treated as a successive habeas petition if it is "in substance a habeas corpus application." Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) (internal quotation marks omitted). To apply a Rule 60(b) standard to what is in actuality a successive habeas petition would allow a litigant to circumvent the procedural requirements concerning successive petitions contained in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(b). Id. Petitioner's Rule 60(b) motion must be treated as a successive habeas petition because it presents what are "in substance" habeas claims. In Gonzalez, the Supreme Court provided several examples of Rule 60(b) motions that were actually habeas claims, including a motion seeking leave to present

2

newly discovered evidence, a motion attacking the effectiveness of trial counsel, and a motion seeking relief for "any other reason" under Rule 60(b)(6). Gonzalez, 545 U.S. at 531. O'Neill is before the Court on precisely these claims. He also attacks the sufficiency of the evidence to convict him, the fairness of his trial, the credibility of the trial witnesses, and the process of jury selection. Like the Supreme Court's examples, these are classic habeas claims and must be treated as such. See, e.g., Santiago v. Nash, 2007 WL 869031, at *2 (3d Cir. Mar. 23, 2007) (petition challenging sufficiency of evidence); Turner v. Dragovich, 169 Fed. Appx. 97, 99 (3d Cir. 2006) (petition challenging credibility of trial witnesses); Riley v. Taylor, 277 F.3d 261, 272 (3d Cir. 2001) (petition challenging trial jury selection and ability to receive a fair trial).

### 2. Application of AEDPA

Treating O'Neill's Rule 60(b) motion as a successive habeas petition implicates the proscriptions codified in the AEDPA. The AEDPA requires dismissal of any successive petition presenting a claim that does not rely on a new and retroactive rule of constitutional law or newly discovered evidence establishing a high probability of innocence, regardless of whether the claim was previously adjudicated. 28 U.S.C. § 2244(b)(2). Even if a petitioner presents a claim relying on new constitutional law or evidence, he still must seek permission from a Court of Appeals before the district court can hear his case. 28 U.S.C. § 2244(b)(3).

O'Neill's motion must be dismissed under the AEDPA because it presents claims already adjudicated. The "newly" discovered evidence O'Neill references in his motion is evidence he asserted in his 1999 habeas petition and adjudicated in this Court's May 2000 decision and the Third Circuit's February 2001 decision. The same is true of O'Neill's other claims. Indeed, O'Neill has been afforded the opportunity to present the claims in his Rule 60(b) motion in over

a half-dozen other state and federal post-conviction proceedings stretching out over 25 years.

O'Neill cites Slack v. McDaniel, 529 U.S. 473 (2000), for the proposition that a habeas motion filed subsequent to a prior habeas motion rejected for failure to exhaust state remedies is not a successive petition under the AEDPA. Id. at 485-86. The Slack case was before the Supreme Court on a petition for writ of habeas corpus however, not a Rule 60(b) motion for relief from judgment. This case is also different because the state court in which O'Neill would have had to exhaust his claims would have found those claims procedurally barred as untimely under Pennsylvania's Post Conviction Relief Act. See 42 Pa. Cons. Stat. Ann. § 9545(b)(2) (sixty day statute of limitations). Where a federal court dismisses a habeas petition for failure to exhaust state remedies and the unexhausted state remedies are futile, the petition is procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991). Thus, in addition to O'Neill's Rule 60(b) motion making this case procedurally distinct from Slack, the futility of state court exhaustion renders O'Neill's claims procedurally defaulted and thereby adjudicated on the merits. See, e.g., Green v. Grace, 2006 WL 1896193, at *1 (E.D. Pa. July 7, 2006) (holding that procedural default is an adjudication on the merits) (citing Carter v. United States, 150 F.3d 202, 205-06 (2nd Cir. 1998)). His petition is therefore successive under the AEDPA and barred for failure to seek permission from the Court of Appeals. 28 U.S.C. § 2244(b)(3).

Even applying the Rule 60(b) standard, O'Neill's claims could not proceed. Rule 60(b)(2) and Rule 60(b)(3) contain a one year statute of limitations, and O'Neill filed his motion almost six years after judgment. A Rule 60(b)(6) motion must be made "within a reasonable time," and six years does not meet that standard either. See Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1348 (3d Cir. 1987) (motion filed almost two years after judgment not reasonable).

4

An appropriate Order accompanies this Memorandum Opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS E. O'NEILL | : |
| Petitioner | : CIVIL ACTION |
| vs. | : |
| | : NO. 06-CV-2043 |
| JAMES GRACE, ET AL. | : |
| Defendants | : |
| FRANCIS E. O'NEILL | : |
| Petitioner | : CIVIL ACTION |
| vs. | : |
| | : NO. 99-CV-3762 |
| FREDERICK FRANK, ET AL. | : |
| Defendants | : |

## ORDER

AND NOW, this 26th day of July, 2007, it is hereby ORDERED that, upon careful and independent consideration of Petitioner's Motion For Relief From Judgment pursuant to Federal Rule of Civil Procedure 60(b), and after review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport and petitioner's objections thereto:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. Petitioner's Rule 60(b) motion is DENIED; and

3. There is no basis on which to issue a certificate of appealability.

IT IS FURTHER ORDERED that the Clerk of Court shall close matter Nos. 99-CV-3762 and 06-CV-2043 for statistical purposes.

BY THE COURT:

_____
THOMAS M. GOLDEN, J.